## THE DISTRICT COURT OF THE UNITED STATES

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                              Case No. 18 CR 3665 JB

RIGOBERTO TREJO,

        Defendant.

## UNOPPOSED MOTION TO CONTINUE

COMES NOW Defendant Rigoberto Trejo, by and through his counsel, Paul M. Linnenburger of Rothstein Donatelli LLP, and hereby moves this Honorable Court to continue the trial set in this matter on February 19, 2019, and associated deadlines, for a period of sixty (60) days. In grounds in support thereof, Mr. Trejo states as follows:

    1.    On November 20, 2018, Mr. Trejo pleaded not guilty to an Indictment. (Doc. 17). Mr. Trejo is charged with felon in possession of a firearm contrary to 18 U.S.C. §922, possession with intent to distribute contrary to 21 U.S.C. §841, and possessing a firearm in furtherance of a drug trafficking crime contrary to 18 U.C.C. §924. (Doc. 16). As currently charged, Mr. Trejo is facing a minimum mandatory sentence of five years as to Count 2 and a mandatory consecutive five years as to Count 3. Accordingly, if convicted under the current Indictment, Mr. Trejo faces a mandatory minimum sentence of ten years.

    2.    Prior thereto, on October 19, 2018, Mr. Trejo was arrested pursuant to the Criminal Complaint, (Doc. 4), and initially appointed counsel. (Doc. 6).

    3.    On October 26, 2018, retained counsel Mary E. Schmidt-Nowara and Shammara H. Henderson entered their appearance on behalf of Mr. Trejo. (Docs. 10 and 13).

4. On January 8, 2019, retained counsel filed a Motion to Withdrawal as Counsel. (Doc. 21).

5. On January 10, 2019, this Court entered an order permitting the withdrawal of previous counsel. (Doc. 22). Said order directed appointment of counsel through the Criminal Justice Act.

6. On January 10, 2019, undersigned counsel was appointed pursuant to the Criminal Justice Act to provide representation to Mr. Trejo. (Doc. 23).

7. Mr. Trejo respectfully requests a continuance to complete several tasks that are vital to his defense. Specifically, Mr. Trejo requests an additional sixty (60) days from the current setting of February 19, 2019, to prepare for trial, prepare and file pretrial motions, and to continue to pursue plea negotiations with the Government. Sixty (60) days is the minimum amount of time that is required to conduct such preparations and discussions and set this matter for a change of plea hearing, if a resolution is reached.

8. A continuance is necessary for counsel to complete the following tasks:

   a. Complete an investigation into the allegations and charges against Mr. Trejo;

   b. Ensure complete disclosure of required discovery;

   c. Continue meaningful plea negotiations with the Government; and

   d. If this matter is not resolved, research, prepare, and file appropriate pretrial motions, including possible motions to suppress and motions in limine.

9. The assistance of counsel is fundamental to ensuring the fairness of criminal trials and the fundamental human rights of life and liberty. *Gideon v. Wainwright*, 372 U.S. 335, 343 (1963). It is by far the most pervasive of rights guaranteed criminal defendants because it effects

the ability to assert all other rights. *United States v. Cronic*, 466 U.S. 648, 654 (1984).

10. Mr. Trejo's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Trejo will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

11. To ensure appropriate assistance of counsel, Mr. Trejo requests a continuance of the trial of no less than sixty (60) days from the current setting. Through consultation with the Government, counsel believes that length of time to be the minimum that will be sufficient to conduct the above-referenced tasks, including conducting plea negotiations.

12. Mr. Trejo agrees with this continuance and will not be prejudiced by this continuance. A continuance will not prejudice Mr. Trejo and will permit him additional time within which to prepare and file pretrial motions, further investigate this case, and to prepare for trial. Additionally, a continuance will provide additional time within which to conduct meaningful plea negotiations. Thus, a continuance will potentially allow him to reach a favorable resolution with the Government. Counsel has discussed with Mr. Trejo his rights under the Speedy Trial Act and Mr. Trejo understands the need for a continuance and respectfully requests that the Court continue his trial for a period of sixty (60) days as requested by counsel.

13.     Undersigned counsel affirmatively states that the ends of justice will be served by this requested continuance of the trial. *See United States v. Fernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). At this juncture, a failure to vacate the trial setting will prevent Defendant and the Government from preparing this matter fully and adequately for trial, including investigation, preparation and litigation of motions, formulation of trial strategy, and possible plea negotiations following the recent appointment of counsel in September. This would result in a miscarriage of justice as described in 18 U.S.C. §3161(h)(7)(B)(i) and a denial of the reasonable time necessary for the effective and competent preparation described in 18 U.S.C. §3161(h)(7)(B)(iv). *See generally Toombs*, 574 F.3d 1262. For the same reasons, the ends of justice and the best interests of the public will be furthered by the relief requested herein.

14.     On February 6, 2019, that date Mr. Trejo filed his Motion to Preserve Right to Jury Trial (Doc. 26). Based on the potential mandatory sentences at issue in this matter and the relief requested therein, a decision prior to trial is appropriate so the parties may prepare for jury selection, argument and questioning of witnesses appropriately. Briefing has not yet concluded on said Motion and thus no hearing has been scheduled. Accordingly, the time period between the filing of said Motion and any ruling thereon is excluded for purposes of the Speedy Trial Act. *See* 18 U.S.C. §3161(h)(1)(D); *United States v. Tinklenberg*, 131 S.Ct. 2007 (2011) (time actually consumed by consideration of pretrial motions automatically excluded from computation under the Speedy Trial Act, regardless of reasonableness of delay). Moreover, if the parties are unable to resolve this matter, counsel anticipates further motions will be submitted which will also need to be heard.

15. Assistant United States Attorney Howard R. Thomas was contacted concerning this Motion and the relief requested herein, and Mr. Thomas indicated he has no objection to the relief requested herein.

WHEREFORE, based on the information and reasons described above, Defendant Rigoberto Trejo respectfully request this Court vacate the February 19, 2019, trial setting and corresponding deadlines and continue this matter for a period of sixty (60) days.

Respectfully submitted:

ROTHSTEIN DONATELLI LLP

By: */s/ Paul M. Linnenburger*
PAUL M. LINNENBURGER
1215 Paseo De Peralta
P.O. Box 8180
Santa Fe, NM  87504-8180
(505) 988-8004
(505) 982-0307 (Fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of February 2019, I filed this pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Howard Thomas
U.S. Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, New Mexico 87103

*/s/ Paul M. Linnenburger*
Rothstein Donatelli, LLP